IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHEN PAINTER, | ) |
| | ) No. 2:24-cv-01395-RJC |
| Plaintiff, | ) |
| | ) |
| v. | ) Judge Robert J. Colville |
| | ) |
| TENARIS BAY CITY, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

**MEMORANDUM OPINION**

Robert J. Colville, United States District Judge

    Before the Court is Defendant, Tenaris Bay City, Inc.'s Motion to Dismiss (ECF No. 13). The Motion has been fully briefed and is ripe for disposition.

    **I.**    **Factual Background & Procedural History**

    Plaintiff commenced this putative class action in the Court of Common Pleas of Beaver County. Compl., ECF No. 1, Ex. A. In the Complaint, Plaintiff brings a claim for unpaid overtime wages under the Pennsylvania Minimum Wage Act ("PMWA"). *Id.* Defendant removed this action asserting that Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a) preempts Plaintiff's PMWA claim. ECF No. 1. Defendant then moved to dismiss Plaintiff's Complaint arguing that Plaintiff's PMWA claim is preempted by the LMRA; Plaintiff failed to exhaust his administrative remedies under the LMRA; and that the PMWA is unconstitutionally vague. ECF Nos. 13, 14.

    In the Complaint, Plaintiff sets forth the following factual allegations relevant to the Court's consideration of the Motion at issue:

1

Defendant manufactures steel pipes and operates manufacturing plants in Koppel, PA and Ambridge, PA located in Beaver County.  Compl. ¶¶ 5-6.  Plaintiff is employed by Defendant as an hourly employee and often works over 40 hours a week.  *Id.* ¶¶ 8-9.  Plaintiff alleges that Defendant fails to pay Plaintiff, and other hourly employees, for all compensable hours as required by the PMWA.  *Id.* ¶ 10.  Specifically, Plaintiff alleges that Defendant does not pay Plaintiff, and other hourly employees, for the following activities that take place at the start of the workday: "walking from the Plant entrance areas to locker rooms/changing areas; gathering and donning personal protective equipment ("PPE"); walking to assigned work locations; and participating in pass-down meetings with the outgoing workers at the assigned work locations." *Id.* ¶ 11.  Further, Plaintiff alleges that Defendant does not pay Plaintiff, and other hourly employees, for the following activities that take place at the end of the workday: "walking from assigned work locations to the locker rooms/changing areas; doffing and returning PPE; showering; and walking from the locker rooms/changing areas to the Plant exit areas." *Id.* ¶ 12.

Plaintiff asserts a putative class action for "himself and all individuals who, during any full workweek since August 21, 2021, have been paid an hourly wage to perform work at Defendant's Koppel, PA and/or Ambridge, PA plants." *Id.* ¶ 13.

**II.    Legal Standard**

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint.  *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).  In deciding a motion to dismiss, the court is not opining on whether the plaintiff will likely prevail on the merits; rather, when considering a motion to dismiss, the court accepts as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff.  *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002).  While a complaint does not need

detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, a complaint must provide more than labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 554). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Supreme Court of the United States has explained:

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id.* (quoting *Twombly*, 550 U.S. at 556) (internal citations omitted).

The United States Court of Appeals for the Third Circuit instructs that "a court reviewing the sufficiency of a complaint must take three steps." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). The court explained:

> First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Iqbal*, 556 U.S. at 675. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679; *see also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted)). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

*Connelly*, 809 F.3d at 787. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (internal citations omitted).

In addition to reviewing the facts contained in the complaint, a court may consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994). When a document integral to or relied upon in the complaint is included, the court may also consider that document. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

### III. Discussion

#### A. Whether Plaintiff's PWMA is preempted by the LMRA

Here, Defendant argues that Plaintiff's Complaint has failed to allege that Plaintiff is a union employee subject to a Collective Bargaining Agreement ("CBA"). ECF No. 14 at 1. Despite this, Defendant argues that in order for the Court to determine whether Plaintiff is entitled to compensation for the alleged activities, the Court must first determine whether, under the CBA, Defendant required Plaintiff to perform such activities. *Id.* at 7. As such, Defendant argues that Plaintiff's PMWA claim is intertwined with the interpretation of the CBA because the Court must interpret the CBA to resolve Plaintiff's claim and that, therefore, Plaintiff's claims are preempted by the LMRA. *Id.* at 7. Plaintiff disagrees that LMRA preemption applies here.

In the United States, the wages of employees are governed by both federal and state laws. The PMWA provides generous protections and demands that employers pay employees for "all hours worked" and pay "overtime not less than one and one-half times the employee's regular rate

for . . . hours in excess of forty hours in a workweek." 43 P.S. §§ 333.104(a), (c) (cleaned up).

The terms "all hours worked" is not defined under the statute, but it is defined by regulation:

> *Hours worked*—The term includes [1] time during which an employee is required by the employer to be on the premises of the employer, [2] to be on duty or to be at the prescribed work place, [3] time spent in traveling as part of the duties of the employee during normal working hours and [4] time during which an employee is employed or permitted to work; provided, however, that time allowed for meals shall be excluded unless the employee is required or permitted to work during that time, and provided further, that time spent on the premises of the employer for the convenience of the employee shall be excluded.

34 Pa. Code § 231.1(b).

Section 301 of the LMRA provides that:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a). This Court has explained LMRA preemption as follows:

> The need for uniformity gave rise to the doctrine of complete preemption under the LMRA. *See Local 174, Teamsters, Chauffeurs, Warehousemen & Helpers of Am. v. Lucas Flour Co.*, 369 U.S. 95, 103–04 (1962) (citation omitted). In defining this doctrine, the Supreme Court explained that "the preemptive force of § 301 is so powerful as to displace entirely any state cause of action 'for violation of contracts between an employer and a labor organization.'" *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for. S. Cal.*, 463 U.S. 1, 23 (1983) (citation omitted). Accordingly, a suit "alleging a violation of a provision of a labor contract must be brought under § 301 and [ ] resolved by reference to federal law." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 210 (1985). And if a "state rule [ ] purports to define the meaning or scope of a term in a [labor] contract suit," it is "pre-empted by federal labor law." *Id.*
>
> Significantly, LMRA preemption "extend[s] beyond suits alleging contract violations." *Id.* It also applies to state law claims that are "substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract." *Id.* at 220; *see also Caterpillar*, 482 U.S. at 394 ("Section 301 governs

claims founded directly on rights created by collective-bargaining agreements, and also claims 'substantially dependent on analysis of a collective-bargaining agreement.'" (citation omitted)). But such an extension of LMRA preemption is "narrow." *Lueck*, 471 U.S. at 220. "[N]ot every dispute concerning employment, or tangentially involving a provision of a collective-bargaining agreement, is pre-empted by § 301." *Id.* at 211. Rather, "it would be inconsistent with congressional intent under that section to pre-empt state rules that proscribe conduct, or establish rights and obligations, independent of a labor contract." *Id.* at 212; *see also Livadas v. Bradshaw*, 512 U.S. 107, 123 (1994) (stating that "§ 301 cannot be read broadly to pre-empt nonnegotiable rights conferred on individual employees as a matter of state law").

The question thus becomes—as assessed "on a case-by-case basis"—whether the state-law claim "confers nonnegotiable state-law rights on employers or employees independent of any right established by contract, or, instead, whether evaluation of the [state law] claim is inextricably intertwined with consideration of the terms of the labor contract." *Lueck*, 471 U.S. at 213, 220. In determining whether a state-law claim is "independent" of a collective bargaining agreement, a court must consider the "legal character of [the] claim" as opposed to its factual underpinnings. *Livadas*, 512 U.S. at 123 (citing *Lueck*, 471 U.S. at 213). In other words, "even if dispute resolution pursuant to a collective-bargaining agreement, on the one hand, and state law, on the other, would require addressing precisely the same set of facts, as long as the state-law claim can be resolved without interpreting the agreement itself, the claim is 'independent' of the agreement for § 301 pre-emption purposes." *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 409–10 (1988).

Moreover, mere consultation of a collective bargaining agreement does not trigger LMRA preemption. *See Livadas*, 512 U.S. at 124 ("[W]hen the meaning of contract terms is not the subject of dispute, the bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished."). "[A]n application of state law is preempted by § 301 of the [LMRA] only if such application requires the *interpretation* of a collective-bargaining agreement." *Lingle*, 486 U.S. at 413 (emphasis added). Under those circumstances, the state-law claim "must either be treated as a § 301 claim or dismissed as pre-empted by federal labor-contract law." *Lueck*, 471 U.S. at 220 (internal citation omitted).

*Guidas v. United States Steel Corporation*, Civil Action No. 2:24-cv-305, 2024 WL 2729905, at *6-7 (W.D. Pa. May 28, 2024) (Stickmann J.).

In arguing that preemption applies, Defendant primarily relies on the Third Circuit's decision in *Vadino* and the Eastern District of Pennsylvania's decisions in *Townsend* and *Drake*. *See Vadino v. A. Valey Engrs.*, 903 F.2d 253, 266 (3d Cir. 1990); *Townsend v. BC Natural Chicken LLC*, No. 06-cv-4317, 2007 WL 442386 (E.D. Pa. Feb. 2, 2007); *Drake v. Hyundai Rotem USA*, No. 13-cv-0868, 2013 WL 4551228 (E.D. Pa. Aug. 28, 2013). Plaintiff argues that these cases are inapplicable because they were decided before the Third Circuit's decision in *Bell* and, in support, Plaintiff points the Court to a myriad of cases wherein courts in this Circuit have held that similar claims are not preempted by the LMRA. *See Bell v. Se. Pa. Transp. Auth.*, 733 F.3d 490 (3d Cir. 2013); *see also* ECF No. 2 (collecting cases); *see also* ECF Nos. 19, 20, 21, 22.

Therefore, to determine whether LMRA preemption applies, the Court must first determine whether the PMWA confers nonnegotiable state-law rights on employers or employees. For the reasons detailed above, this Court joins the others in this district who have found that the PMWA clearly confers nonnegotiable rights on employees. *See Beauregard v. Broadway Electric Service Corp.*, Civil Action No. 2:21-cv-1600, 2022 WL 2293969, at *7 (W.D. Pa. June 24, 2022); *see also Guidas*, 2024 WL 2729905, at *7. The Court must next determine whether these rights are independent of any right established by the CBA. The Court finds that they are and, therefore, Plaintiff's PMWA claim does not require interpretation of the CBA and is not preempted by the LMRA.

Defendant argues that determining whether Plaintiff's pre- and post-shift activities constitute "hours worked" under the PMRA will require interpretation of the CBA. The Court disagrees. Having reviewed the CBA, and, specifically, the sections identified by Defendant, there is no mention of the pre- and post-shift activities mentioned by Plaintiff in his Complaint and, as such, no provisions requiring interpretation. While the CBA mentions generally that certain PPE

7

will be provided and is necessary, there is no information as to whether employees must don and doff this PPE at the facility. Nor is there any information as to whether employees must use a locker room/changing room, shower before leaving the facility, or attend pass-down meetings. *See Beauregard*, 2022 WL 2293969, at *9-10 (finding that the plaintiff's PMWA claim was not preempted by the LMRA when the labor agreement contained no mention of the pre- and post-shift activities addressed by the plaintiff in the complaint); *Guidas*, 2024 WL 2729905, at *10 (finding that preemption was not applicable when the labor agreement was silent about the plaintiff's challenged activities, such as walking within the plant and donning and doffing PPE); *Ballard v. BHI Energy, Inc.*, Civil Action No. 22-115, 2022 WL 4464959, at *5 (finding that preemption was not applicable because while the CBA contained provisions addressing shift times and overtime payment, the court would not need to interpret those provisions to determine if engaging in certain activities, including walking to and from the shift and donning and doffing PPE, were compensable time under the PMWA). Therefore, resolving Plaintiff's PMWA claim will not require the Court to interpret the CBA; accordingly, Plaintiff's PMWA claim is not preempted by the LMRA.[1]

### B.  Whether Plaintiff failed to Exhaust Administrative Remedies

Next, Defendant argues that Plaintiff's PMWA (or LMRA) claim is precluded because Plaintiff failed to exhaust his available remedies under the CBA, which sets forth required grievance procedures. ECF No. 14 at 11. However, the case law cited in support of Defendant's exhaustion argument concerns claims involving Section 301. Here, Plaintiff is not alleging a

---

[1] The Court notes that because Plaintiff's PMWA claim is not preempted by the LMRA, Plaintiff's only claim is one arising under state law and, therefore, the Court must have diversity jurisdiction over this matter. Neither party has argued that there is not complete diversity between the parties. The Court additionally finds that, based on the information currently before the Court, it has diversity jurisdiction in this matter. Plaintiff has alleged that he is a resident of Pennsylvania, and Defendant asserts that it is incorporated in Delaware and has its principal place of business in Texas. Therefore, although the only remaining claim is one arising under state law, the Court has subject matter jurisdiction in this matter.

Section 301 claim and is not relying on the CBA. As such, because the Court has found that Plaintiff's PMWA claim is not preempted by the LMRA, there is no requirement for Plaintiff to exhaust his claim under the CBA's grievance procedures.

### C. Whether the PMWA is Unconstitutionally Vague

Lastly, Defendant argues that, under the PMWA, the "hours worked" provision is vague and, therefore, unconstitutional. ECF No. 14 at 13. Specifically, Defendant argues that the PMWA does not directly define "hours worked" and, that when looking to the regulatory definition of "hours worked," it contains phrases that are vague and unconstitutional, including: "required by the employer," "on the premises of the employer," and "convenience of the employee." Neither party has cited the Court to any authority specifically addressing whether the "hours worked" provision of the PMWA is unconstitutional. However, subsequent to the parties' briefing, the Eastern District of Pennsylvania addressed substantially similar arguments to those raised by Defendant here. *See Davis v. Target Corp.*, 767 F. Supp. 3d 185, 197-200 (E.D. Pa. 2025). In *Davis*, the Eastern District of Pennsylvania found that specific phrases in § 231.1(b), including "required by the employer," "on the premises of the employer," and "convenience of the employee" were not void for vagueness. The Court agrees with the *Davis* court's analysis. Further, when considering the numerous courts that have interpreted the PMWA, and specifically the definition of "hours worked," the Court finds it persuasive that no court has questioned its constitutionality.

As such, Defendant's arguments as to the unconstitutionality of the PMWA are dismissed, without prejudice.

9

## IV. Conclusion

For the reasons discussed above, the Court will deny Defendant's Motion to Dismiss. An appropriate Order of Court follows.

BY THE COURT:

<u>/s/Robert J. Colville</u>
Robert J. Colville
United States District Judge

DATED: February 24, 2026

cc: All counsel of record